UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KYAIRA JUMPER,

Plaintiff,

v.

TRAVIS KALANICK; GARRETT CAMP; PANAQIOTIS KOLTSAK,

Defendants.

**MEMORANDUM AND ORDER**

26-CV-1277 (LDH) (JRC)

LASHANN DEARCY HALL, United States District Judge:

Kyaira Jumper ("Plaintiff"), proceeding *pro se*, brings this action against Travis Kalanick, Garrett Camp, and Panaqiotis Koltsak ("Defendants").[1] Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. For the reasons discussed below, the Complaint is dismissed.

**BACKGROUND**

Plaintiff's complaint is nonsensical. In the Complaint, Plaintiff lists "[d]isgust" and "[d]isfault" as the specific federal statutes, federal treaties, or provision of the United States Constitution that are at issue. (Compl. at 4.) In the Statement of Claim section of the form, Plaintiff states, "Whose idea of inclusion decided to participate in a nutritive activity. The order of a three day projective is one cup of glass milk and an entrée of pasta Alfredo, three meals a day." (*Id.* at 5.) In the Relief section, Plaintiff states "[h]air was in my Alfredo and I was double

[1] The Court notes that this is the tenth complaint Plaintiff has filed in this court since September 2025. *See Jumper v. 84th Precinct*, No. 25-CV-4399 (LDH) (JRC); *Jumper v. State of New Jersey*, No. 25-CV-4400 (LDH) (JRC); *Jumper v. Cephus*, No. 25-CV-4966 (LDH) (JRC); *Jumper v. 911 Dispatcher*, No. 25-CV-5285 (LDH) (JRC); *Jumper v. Edwards*, No. 25-CV-1770 (LDH) (JRC); *Jumper v. Patel*, No. 25-CV-6645 (LDH) (JRC); *Jumper v. Roberts II et al.*, No. 25-CV-6952 (LDH) (JRC); *Jumper v. Holmes-Norton et al.*, No. 26-CV-113 (LDH) (JRC); *Jumper v. Owens et al.*, No. 26-CV-331 (LDH) (JRC)..

charged for my meal." (*Id.* at 6.) Plaintiff also notes that the amount in controversy is "6.7 tera." (*Id.* at 5.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted). Where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

## DISCUSSION

Upon review of the Complaint, liberally construed, the Court has determined that the Complaint lacks an arguable basis either in law or in fact. Specifically, Plaintiff's claim that

"[h]air was in my Alfredo and I was double charged for my meal," (Compl. at 6), and Plaintiff's assertions that "[t]he order of a three day projective is one cup of glass milk and an entrée of pasta Alfredo, three meals a day," (*id.* at 5), are frivolous because they lack any arguable basis in law or in fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i); s*ee also Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *Walker v. Real Life Church*, No. 22-CV-4455, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered).

Notwithstanding Plaintiff's *pro se* status, such dismissal is without leave to amend as the Court finds that amendment would be futile. *See Hakaniemi v. Zuckerberg*, No. 21-CV-04345, 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* plaintiff's complaint as frivolous, denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment," and collecting cases).

**FILING INJUNCTION WARNING**

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). As previously noted, this is Plaintiff's tenth complaint filed in recent months.

Plaintiff is hereby warned that the future filing of frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting her from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

**CONCLUSION**

Accordingly, the Complaint, filed *in forma pauperis*, is DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge